# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 13cr1653 WQH |
| Plaintiff, | ORDER |
| vs. | |
| ALFREDO MENDOZA-ALVAREZ, | |
| Defendant. | |

HAYES, Judge:

The matters before the Court are 1) the motion to suppress evidence (ECF No. 16-1) and 2) the motion to suppress I-826 form (ECF No. 16-3) filed by the Defendant Alfredo Mendoza-Alvarez.

**FACTS**

On April 22, 2013 at 6:15 a.m., United States Border Agent L. Valdivia observed three sets of footprints 200 yards from the north side of the international border at a location 23 miles east of Tecate, California. Agent Valdivia assisted by Agent Brooke followed the footprints in a northeast direction for approximately four hours, covering approximately two miles.

Agent Valdivia testified that he and Agent Brooke were able to follow the footprints using a technique known as "cutting the sign," which includes examining and matching footprints or toe-digs, and looking for imprinted grass and broken tree branches. The agents followed the footprints to an area known as Goat Mountain,

where they found three individuals, including Defendant, crouching in the brush. Agent Valdivia testified that he believed the three individuals were hiding, based on the way that they were crouching in the brush. Agent Valdivia suspected that the three individuals had crossed the border illegally. Agent Brooke told the three individuals, including Defendant, not to move. Agent Valdivia testified that after the three individuals were apprehended, he was able to match one set of the footprints, which he described as having a "zebra stripe" pattern, to the sole pattern of Defendant's shoes.

On May 7, 2013, the grand jury returned an indictment against Defendant for one count of improper entry by an alien in violation of 8 U.S.C. § 1325 and one count of removed alien found in the U.S. in violation of 8 U.S.C. § 1326(a) and (b). (ECF No. 7).

## RULING OF THE COURT

**Defendant's motion to suppress evidence** (ECF No. 16-1)

Defendant contends that the agents lacked reasonable suspicion to detain him. Defendant contends that the agents lacked specific, articulable facts that would cause a reasonable person to believe that criminal activity was afoot. Defendant contends that "[a] 'high crime' area or race based assumption will not carry the day and neither should footprints 3 miles away." (ECF No. 16-1 at 3). Defendant contends that the agents violated his rights under the Fourth Amendment and that all evidence the Government obtained as a result must be suppressed, including: the identification of him,[1] any fingerprints taken of him, statements regarding his arrest, statements made during his detention, and any evidence gathered as a result of his initial processing.

The Government contends that the agents had reasonable suspicion to believe that the individuals hiding under the brush had unlawfully entered the United States. The Government asserts that the agents followed the footprints from a location directly north of the international border fence for over four hours and observed three individuals

---

[1] *See United States v. Ortiz-Hernandez*, 427 F.3d 567, 577 (9th Cir. 2005) ("Over twenty years ago, the Supreme Court established the general rule that a criminal defendant cannot suppress his identity, even when there has been some prior illegality on the part of the government.").

1  hiding in the brush.  The Government asserts that it was reasonable to suspect the three
2  individuals of illegal entry into the United States and to conduct field interviews
3  reasonably related to the justification for the inquiry.

4       The prohibition of unreasonable searches and seizures extends to the seizures of
5  the person, including the brief investigatory stop of a person or vehicle.  *United States*
6  *v. Rodriguez*, 976 F.2d 592, 594 (9th Cir. 1992).  A *Terry* stop[2] is a brief investigatory
7  stop which is an exception to the probable cause requirement of the Fourth Amendment.
8  "The Fourth Amendment does not proscribe all contact between the police and citizens,
9  but is designed 'to prevent arbitrary and oppressive interference by enforcement
10 officials with the privacy and personal security of individuals.'" *INS v. Delgado,* 466
11 U.S. 210, 215 (1984) (quoting *United States v. Martinez-Fuerte*, 428 U.S. 543, 554
12 (1976)).  "Beginning with *Terry v. Ohio,*[], the Court has recognized that a law
13 enforcement officer's reasonable suspicion that a person may be involved in criminal
14 activity permits the officer to stop the person for a brief time and take additional steps
15 to investigate further. (citation omitted.)  To ensure that the resulting seizure is
16 constitutionally reasonable, a *Terry* stop must be limited.  The officer's actions must be
17 'justified at its inception, and ... reasonably related in scope to the circumstances which
18 justified the interference in the first place.'" *Hiibel v. Sixth Judicial Dist. Court*, 542
19 U.S. 177, 185 (2004) (quoting *United States v. Sharpe*, 470 U.S. 675, 682 (1985)).
20 When making the determination whether the agent's action is supported by a reasonable
21 suspicion, the Court should examine the "totality of the circumstances" and determine
22 whether the agent had a "particularized and objective basis" for suspecting legal
23 wrongdoing.  *United States v. Cortez*, 449 U.S. 411, 417-418 (1981).

24      In this case, Agent Valdivia and Agent Brooke followed the path of footprints
25 from the border fence to Goat Mountain on the morning of April 22, 2013.  Agent
26 Valdivia credibly testified that he has been a Border Patrol Agent for over seven years,
27 that he has been trained in "cutting the sign," and that he and Agent Brooke were able

28 ---

[2]*Terry v. Ohio*, 392 U.S. 1 (1968).

...

to track the three sets of footprints from a location 200 yards north of the international border to Goat Mountain. The Court finds that the agents had a "particularized and objective basis" for suspecting that the three individuals had entered into the United States illegally because they were able to track the three sets of footprints from the border fence directly to the three individuals. The agents were permitted to detain Defendant in order to ask questions that were "reasonably related in scope to the circumstances" which justified the initial detention. *Hiibel*, 542 U.S. at 185. The Court concludes that the agents did not violate Defendant's Fourth Amendment rights and the motion to suppress evidence is denied.

**Defendant's motion to suppress statements on Form I-826** (ECF No. 16-3)

Defendant contends that the statements contained on his I-826 Form are testimonial. Defendant contends that his statements "would certainly lead any border patrol agent, or officer of this court in this district[,] to believe that his statements would later be available against him at a later trial." (ECF No. 16-3 at 4-5). Defendant contends that admitting these testimonial statements into evidence would violate his Confrontation Clause rights.

The Government contends that Defendant's Form I-826 contains his "own statements, which are admissible non-hearsay under Federal Rule of Evidence 80[1](d)(2)(A)." (ECF No. 19-3 at 5).

In *United States v. Morales,* 720 F.3d 1194, 1201 (9th Cir. 2013)*,* the Court of Appeal for the Ninth Circuit held that "neither the Field 826 itself, nor the statements within it, implicate the Confrontation Clause." *Id.* at 1201. The Court of Appeals explained that the Form I-826 contains "three types of statements: the agents' direct observations, the agents' recordings of the aliens' statements about their biographical information, and the aliens' signed requests for disposition. Each type of statement must satisfy an exception to the rule against hearsay in order to be admitted for its truth." *Id.*

Pursuant to Federal Rule of Evidence 801(d)(2)(A) "[a] statement is not hearsay if ... [t]he statement is offered against an opposing party and ... was made by the party in an individual or representative capacity." In this case, the "Request for Disposition" section in the Form I-826 contains three boxes that the alien may initial. Defendant initialed next to the third box indicating that he was in the United States illegally and that he did not believe he would face harm if he returned to his country. (ECF No. 19-3 Exhibit 2). This portion of Form I-826 may satisfy the exception to the hearsay rule as an admission of a party opponent under Federal Rule of Evidence 801(d)(2)(A) with no Confrontation Clause violation. *See United States v. Moran*, 759 F.2d 777, 786 (9th Cir. 1985) (referring to letters and deposit slips signed by Defendant "the out of court statements introduced through these documents were made by [Defendant] himself, he can claim no confrontation clause violation.").

Defendant's motion to suppress Form I-826 is denied.

## CONCLUSION

IT IS HEREBY ORDERED that 1) the motion to suppress evidence (ECF No. 16-1) is denied and 2) the motion to suppress I-826 form (ECF No. 16-3) is denied.

DATED: October 4, 2013

**WILLIAM Q. HAYES**
United States District Judge